Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : Fort Bend   Images  Help

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-267769

| Alan Scott Clymer vs,. Metropolitan Lloyds Insurance Company of Texas | § § § § § | Case Type: | Contract - Consumer/Commercial/Debt |
|---|---|---|---|
| | | Date Filed: | 10/21/2019 |
| | | Location: | 400th District Court |

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant or Respondent | Metropolitan Lloyds Insurance Company of Texas<br>Dallas, TX 75201-4284 | | Dennis D Conder<br>*Retained*<br>214-748-5000(W) |
| Plaintiff or Petitioner | Clymer, Alan Scott | | James Willis<br>*Retained*<br>713-655-1405(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

10/21/2019  **Petition**    Doc ID# 1
*Plaintiff's Original Petition*

10/21/2019  **Case Information Sheet**
*Civil Case Information Sheet*

10/21/2019  **Request**    Doc ID# 2
*Request for Process*

10/22/2019  **Issuance**    Doc ID# 3
*Citation by C/M Issued to Metropolitan Lloyds Insurance Company of Texas*

10/22/2019  **Citation by Certified Mail**
9414 7266 9904 2152 4504 24

| Metropolitan Lloyds Insurance Company of Texas | Served | 11/18/2019 |
|---|---|---|
| | Returned | 11/26/2019 |

11/27/2019  **Answer/Contest/Response/Waiver**   Doc ID# 4
*Defendant Metropolitan Lloyds Insurance Company of Texas' Original Answer*

### FINANCIAL INFORMATION

| Plaintiff or Petitioner Clymer, Alan Scott | | |
|---|---|---|
| Total Financial Assessment | | 403.00 |
| Total Payments and Credits | | 403.00 |
| **Balance Due as of 12/18/2019** | | 0.00 |

| 10/21/2019 | Transaction Assessment | | | 403.00 |
|---|---|---|---|---|
| 10/21/2019 | E-filing | Receipt # 2019-66638-DCLK | Clymer, Alan Scott | (403.00) |



Filed
10/21/2019 9:49 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Katherine Cavazos



CAUSE NO. **19-DCV-267769**

| | | |
|---|---|---|
| ALAN SCOTT CLYMER, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § § | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § | Fort Bend County - 400th Judicial District Court |
| Defendant. | §. | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Alan Scott Clymer ("Mr. Clymer"), Plaintiff herein, files this Original Petition against Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") and, in support of his causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Mr. Clymer is a Texas resident who resides in Fort Bend County, Texas.

2. Metropolitan is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

## II.
## DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

2. Venue is proper in Fort Bend County because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Fort Bend County.

## V.
## FACTUAL BACKGROUND

3. Mr. Clymer is a named insured under a property insurance policy issued by Metropolitan.

4. On or about May 9, 2019 a storm hit the Katy, Texas area, damaging Mr. Clymer's house and other property. Mr. Clymer subsequently filed a claim on his insurance policy.

5. Defendant improperly denied and/or underpaid the claim.

6. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

7. This unreasonable investigation led to the underpayment of Plaintiff's claim.

8. Moreover, Metropolitan performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

9. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract**

10. Metropolitan had a contract of insurance with Plaintiff. Metropolitan breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute**

11. The failure of Metropolitan to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

12. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C. Bad Faith**

13. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

14. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

15. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

  (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

  (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

  (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

16. Defendant violated Section 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

21. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. Attorneys' Fees**

23. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

27. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

28. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Alan Scott Clymer prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Clymer be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Clymer may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *James Willis*
    James Willis
    TBA No. 24088654
    jwillis@dalyblack.com
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

    **ATTORNEYS FOR PLAINTIFF**
    **ALAN SCOTT CLYMER**

Filed
11/27/2019 2:21 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. 19-DCV-267769

| | | |
|---|---|---|
| ALAN SCOTT CLYMER, | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § | |
| Defendant. | § | 400TH JUDICIAL DISTRICT |

### DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### SECTION 1 - COVERAGES

#### COVERAGE A - DWELLING
1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A. the dwelling owned by **you** on the **residence premises**; and
    B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

#### COVERAGE B – PRIVATE STRUCTURES
At the location of the **residence premises:**
1. **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:
1. used or held for any **business** or commercial farming purposes; or
2. rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

### CAUSES OF PROPERTY LOSS

## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**We** will pay only when a loss caused by **hurricane windstorm** exceeds the deductible amount shown in the Declarations as Hurricane Windstorm Loss deductible. **We** will pay only that part of the loss over such deductible. The deductible will apply to all Section I losses resulting from **hurricane windstorm** (including Loss of Use.)

The person(s) named in the Declarations may change this deductible only at the policy anniversary date.

**Hurricane Windstorm "% Deductible"**
If the deductible is shown as a percentage (%), the dollar amount of the deductible is determined by multiplying the deductible percentage (%) shown by the amount of insurance for Coverage A (Coverage C for Renters and Condominium Owners).

However, if a covered loss caused by fire, smoke, or explosion resulting from **hurricane windstorm** occurs, the policy loss deductible applies.

\*\*\*

## COVERAGE A – DWELLING AND COVERAGE B – PRIVATE STRUCTURES

\*\*\*

**COVERAGE C – PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C, when loss or damage is caused by **SECTION 1 – BROAD NAMED PERILS**, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage to the property which results directly or indirectly from **fungus and mold**.

However, **we** do cover ensuing **fungus and mold** caused by or resulting from sudden and accidental:
a. discharge,

    b.    leakage, or
    c.    overflow
of water or steam if the sudden and accidental discharge, leakage or overflow of water or steam loss would otherwise be covered under this policy.

**We** do not cover any remediation treatment or remediation testing, whether or not associated with the repair or replacement of covered property.

Remediation treatment means the reasonable and necessary treatment, removal or disposal of **fungus and mold**.

Remediation testing includes any testing or investigation of either property or air to:
a.    detect,
b.    measure,
c.    evaluate, or
d.    confirm
the absence, presence or level of **fungus and mold** whether performed prior to, during or after remediation treatment.

\* \* \*

2.    **"Windstorm (Other Than Hurricane Windstorm) or Hail".**
**We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

**Hurricane Windstorm**
**We** do not pay for loss to the interior of a building or to personal property, inside, caused by rain, sand, dust or debris unless the **hurricane windstorm** first damages the roof or walls and the **hurricane windstorm** forces rain, sand, dust or debris through the opening.

**We** do not pay for loss to watercraft and their trailers, furnishings, equipment and motors unless inside a fully enclosed building. **We** do not cover canoes and rowboats on the **residence premises**.

3.    **Definition. "Hurricane windstorm"** means a storm system for which either a hurricane watch or a hurricane warning has been issued by the National Hurricane Center of the National Weather Service or any agency responsible for identifying and recording hurricanes. The hurricane windstorm time period begins at the time either a hurricane watch or hurricane warning is issued for the state, or any part of the state, in which the **residence premises** is located. The hurricane windstorm time period ends 24 hours following the termination of that storm system's last hurricane watch or hurricane warning in effect for any part of the state.

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 5**

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

\* \* \*

1. **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

   1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
   2. water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
   3. water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

   This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

   However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

   <u>Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.</u>

\* \* \*

H. **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

2. **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is

itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A.  conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault;

B.  defective, inadequate, faulty or unsound:
   1.  planning, zoning, development, surveying, siting;
   2.  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   3.  materials used in repair, construction, renovation or remodeling; or
   4.  maintenance;
   of any property whether on or off the **residence premises**. Property includes land, structures or improvements of any kind; and

C.  weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.  **We** do not cover loss or damage to the property described in <u>Coverage A.</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

A.  wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

B.  **fungus and mold.**
   However, **we** do cover ensuing **fungus and mold** caused by or resulting from sudden and accidental:
   a.  discharge,
   b.  leakage, or
   c.  overflow
   of water or stream if the sudden and accidental discharge, leakage or overflow of water or steam loss would otherwise be covered under this policy.

   **We** do not cover any remediation treatment or remediation testing, whether or not associated with the repair or replacement of covered property.

   Remediation treatment means the reasonable and necessary treatment, removal or disposal of **fungus and mold.**

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 7**

       Remediation testing includes any testing or investigation of either property or air to:
       a.    detect,
       b.    measure,
       c.    evaluate, or
       d.    confirm
       the absence, presence or level of **fungus and mold** whether performed prior to, during or after remediation treatment.

C.    settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, foundations, footings, supports, walls, floors, roofs, or ceilings;

\* \* \*

**We** pay for any direct loss that follows items A. through I. to property described in Coverages A and B not otherwise excluded or excepted in this policy and then **we** pay for only the ensuing loss. If a covered water loss follows, **we** will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but **we** do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiff. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

\* \* \*

2.    **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.    Promptly notify **us** or **our** representative.
         In case of theft, promptly notify the police.
         In case of loss under the credit card or electronic fund transfer card coverage, promptly notify the issuing company or bank.

    B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

  C. Cooperate with **us** in the investigation of a claim.

* * *

  E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:
    1. show **us** the damaged property;
    2. submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

* * *

  F. Within 90 days after **our** request, the named insured must file with **us** a signed and sworn proof of loss, stating to the best of **your** knowledge:
    1. the time and cause of loss;
    2. **your** interest and that of any other person in the property involved and all encumbrances on the property;
    3. a description of each item, including all information contained in the inventory described above;
    4. a description of other insurance policies that might apply to the loss;
    5. any changes in ownership, use, possession or location of the property that took place since this policy was issued;
    6. if loss is to a building, who occupied it at the time of loss, what the purposes of such occupancy were, and whether the building stood on leased ground;
    7. specifications of any damaged building, fixture or machinery and detailed estimates for repair of the damage;
    8. receipts for additional living expenses **you** incur and records supporting the fair rental value; and
    9. evidence or affidavit supporting a claim under **SECTION 1 – ADDITIONAL COVERAGES** for **Credit Card, Electronic Fund Transfer Card, Forger and Counterfeit Money**, stating the amount and cause of loss.

* * *

7. **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

>The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us.**
>
>**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.
>
>With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

***

Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

Defendant asserts as an affirmative defense that it is incumbent on Plaintiff to segregate his covered damages, if any, due to any wind/hail/hurricane that allegedly occurred on or about May 9, 2019 from any other pre-existing and/or wind/hail/hurricane related damages.

As an additional affirmative defense, Defendant asserts that Plaintiff's damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant has and exercised no control.

Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiff and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control. Plaintiff's and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiff and cannot be attributed to Defendant.

For further affirmative defense, Defendant asserts comparative fault.

For further affirmative defense, Defendants assert contributory negligence and proportionate responsibility as a bar to Plaintiff's claims.

By way of additional affirmative defense, Defendant asserts that Plaintiff's damages, if any, were caused by a new and independent cause or causes not reasonably foreseeable by Defendant. This new and independent cause(s) was the immediate and efficient cause of injury, if any, to Plaintiff. The acts or omissions alleged by Plaintiff against Defendant were remote and were not the proximate or producing cause of any of any of Plaintiff's alleged damages.

Defendant affirmatively pleads the fortuity doctrine as a bar to recovery. Plaintiff cannot recover against Defendant for any pre-existing damages and/or damages that were already losses-in-progress.

By way of additional affirmative defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of concurrent causation.

As an additional defense, Defendant asserts the doctrine of excessive demand. In addition and without waiving the foregoing, Plaintiff's right, if any, to an award of attorney's fees is governed by application of TEX. INS. CODE § 542A.007.

## II. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: _____
     Dennis D. Conder
     State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of November, 2019, a copy of the foregoing was delivered to Plaintiff's counsel of record pursuant to the Texas Rules of Civil Procedure.

_____
Dennis D. Conder

PAN/PLDG/634398.1/001466.19171